OPINION
{¶ 1} Appellant, Tammy French ("mother"), the natural mother of Sania Hawkins, a minor child born on August 21, 2000, appeals from the judgment entered in the Stark County Court of Common Pleas, Juvenile Division, terminating the mother's parental rights and responsibilities with respect to the minor child and granting permanent custody of the minor child to the Stark County Department of Jobs and Family Services. The mother assigns as error:
 I {¶ 2} "THE JUDGMENT OF PERMANENT CUSTODY WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."
 I {¶ 3} The Stark County Department of Job and Family Services ("department") filed a complaint in the Stark County Court of Common Pleas, Juvenile Division, on December 18, 2000, alleging Sania Hawkins, the minor child at issue ("Sania Hawkins") had suffered Shaken Baby Syndrome at the hands of her alleged father, Gerald Hawkins. As a result of those allegations, the department alleged that Sania Hawkins and her three siblings, also minor children, were dependent, neglected and abused children. The department obtained an emergency order granting the department temporary custody of the minor children.
 {¶ 4} On or about March 8, 2001, the department filed its initial case-plan documenting the concerns it had with the parents of the minor children. The department specifically advised the mother that it believed that it was in the best interest of Sania Hawkins that her mother support Sania's progress through Eastgate's Early Intervention Program and that she attend appointments and provide information when requested. The department further notified the mother that it intended to seek a court order requiring mother to participate in Sania's therapy through Eastgate and support her progress.
 {¶ 5} An evidentiary hearing was conducted on the department's complaint and the trial court determined that Sania was an abused child and that her siblings were dependent children. A dispositional hearing was conducted and the trial court ordered temporary custody of the minor children be placed with the agency subject to planning and placement under the terms of the case-plan as filed on March 8, 2001, and as amended. The trial court thereby ordered the mother to support Sania's progress through Eastgate's Early Intervention Program and further ordered that she attend appointments and provide information when requested.
 {¶ 6} On November 16, 2001, the trial court conducted an annual review of this matter. Evidence was taken and the trial court approved and adopted the case plan review packet, and found that the department had used reasonable efforts to finalize the permanency plan in effect. The trial court also found compelling reasons existed to deny a request for permanent custody and extended the temporary custody of the minor children with the department through June 18, 2002. During this hearing, the trial court specifically ordered the mother to attend at least one of Sania's therapy sessions at Eastgate per month.
 {¶ 7} On May 16, 2002, the trial court conducted a second semi-annual review of this matter. Evidence again was submitted, and the trial court approved and adopted the case-plan review packet, and again found that the agency had used reasonable efforts to finalize the permanency plan in effect. The trial court again found compelling reasons exist to preclude a request for permanent custody and extended the temporary custody of the children with the agency through December 18, 2002. The trial court made the specific finding that "Mother has not attended meetings with Eastgate School to learn special therapy and care for her." The Court then ordered the mother to comply with the court's previous orders that she attend at least one of Sania's therapy sessions at Eastgate per month.
 {¶ 8} On October 28, 2002, the department filed its first motion for permanent custody of Sania Hawkins only. The department alleged in its motion that the mother had attended only two of Sania's therapy sessions at Eastgate in the past eighteen months despite the court's previous orders to attend those therapy sessions at least once per month. The department further alleged that the mother's failure to comply with the court's order demonstrated her lack of ability and desire to devote the necessary time to minimize the permanent disability caused by the injuries Sania had sustained while in her care.
 {¶ 9} A trial on the permanent custody motion was set for January 8, 2003.
 {¶ 10} Prior to that trial, the trial court held a second annual review on November 14, 2002. Evidence was produced at that hearing and the trial court found that the mother had only attended two sessions at Eastgate during the pendency of this matter. The trial court returned custody of Sania's siblings to her mother subject to protective supervision and extended that protective supervision through June 18, 2003.
 {¶ 11} At the trial on the permanent custody motion, the department called Melissa McCoy, the family services social worker assigned in this matter, to testify in this matter. Ms. McCoy testified that the mother had only attended three sessions at Eastgate since November of 2001. Ms. McCoy testified that she had explained to the mother the importance of attending these sessions consistently and had, at least twice per month, every month, requested that mother attend those sessions.
 {¶ 12} The department also called Dr. Linda Sklar to testify. Dr. Sklar presented expert testimony regarding developmental disorders. Dr. Sklar testified that it was vitally important for the mother to participate in the Eastgate sessions.
 {¶ 13} The department also called Carole Eckroate, an Early Intervention Specialist for Eastgate, as a witness. Ms. Eckroate testified that the mother only attended three sessions at Eastgate. Those visits occurred on May 23, May 28 and December 17, 2002.
 {¶ 14} During the trial, the mother testified that she was aware that it was important, and in the best interest of Sania, for her to attend the Eastgate sessions as ordered by the Court. The mother also acknowledged that she had received information regarding the importance of caregivers to attend those sessions. The mother then offered a variety of excuses as to why she could not attend those sessions.
 {¶ 15} We now turn to the mother's sole assignment of error.
 {¶ 16} The mother claims that she "completed her entire case plan." Mother also claims that the department failed to present evidence that its case plan relating to her attendance at the Eastgate therapy sessions was reasonable. We disagree with both assertions.
 {¶ 17} The record before us indicates that the trial court gave the mother numerous chances to reunite with her daughter. It appears from the state of this record that the mother did not find it important enough to visit with her daughter at least once a month at the Eastgate therapy sessions. We find no valid excuse for the mother to ignore the repeated orders of the trial court and the department's repeated instructions as she needed to attend those sessions. The trial court on two separate occasions instructed the mother to attend those hearings and she ignored those orders.
 {¶ 18} We find nothing unreasonable in requiring the mother to attend therapy sessions with her injured daughter at least once a month.
 {¶ 19} Simply stated, the permanent custody decision was the result of the mother's inaction and refusal to comply with the reasonable orders of the trial court.
 {¶ 20} For these reasons, we hereby overrule the mother's sole assigned error and affirm the judgment entered in the Stark County Court of Common Pleas, Juvenile Division.
By Farmer, P.J., Edwards, J., and Boggins, J. concur.